IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN WHEELER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ATLANTIC RECOVERY SOLUTIONS, LLC, | ) |
| DIVERSE FUNDING ASSOCIATES LLC; and | ) |
| EVEREST RECEIVABLE SERVICES, INC.; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Kevin Wheeler brings this action to secure redress from unlawful credit and collection practices engaged in by defendants Atlantic Recovery Solutions, LLC ("Atlantic") and Diverse Funding Associates LLC ("Diverse"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Plaintiff also complains of the sale of a settled debt by Everest Receivable Services, Inc ("Everest").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. The FCRA, among other things, restricts the obtaining of credit reports to specified permissible purposes.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 15 U.S.C. §1681p (FCRA), 28 U.S.C. §1331, 28 U.S.C. §1337 and 28 U.S.C. §1367.

5. Venue and personal jurisdiction in this District are proper because:

1

      a.      The collection communications were received by plaintiff within this District;

      b.      Each defendant does or transacts business within this District.

## PARTIES

6.      Plaintiff Kevin Wheeler is an individual who resides in the Northern District of Illinois.

7.      Atlantic is a limited liability company chartered under the law of New York with principal offices at 275 Northpointe Parkway, Suite 80, Amherst, NY 14228. It does business in Illinois. Its registered agent and office is Registered Agents, Inc., 1900 E. Golf Road, Suite 950A, Schaumburg, IL 60173.

8.      Atlantic operates a collection agency.

9.      Atlantic uses the mails and telephone system to conduct business.

10.      Atlantic is a "debt collector" as defined in the FDCPA.

11.      Diverse is a limited liability company chartered under the law of Delaware with principal offices at 352 Sonwil Drive, Cheektowaga, NY 14225. It does business in Illinois. Its registered agent and office is National Registered Agents, Inc., 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

12.      Diverse claims to purchase charged-off consumer debts, which it then seeks to collect.

13.      Diverse has filed dozens of collection lawsuits in the Illinois courts.

14.      Diverse uses the mails and telephone system to conduct business.

15.      Diverse is a "debt collector" as defined in the FDCPA.

16.      Everest is a corporation organized under the law of Delaware with offices at 2604 East River Road, Grand Island, NY 14072. It does business in Illinois. Its registered agent and office is National Registered Agents, Inc., 208 S. LaSalle Street, Suite 814, Chicago, IL 60604. It is a debt purchaser and collector.

**FACTS**

17. In 2012, plaintiff filed suit against Everest, concerning attempts to collect a GM Mastercard account which Everest purchased. *Wheeler v. Everest Receivable Services, Inc.*, 12 C 3631 (N.D. Ill.).

18. The card had been used for personal, family or household purposes and not for business purposes.

19. The lawsuit was settled in July 2012. The financial terms of the settlement agreement are confidential but Mr. Wheeler was released of all liability for the debt. Everest represented that it owned the debt and would not transfer it.

20. To avoid disclosure of the confidential portions of the settlement agreement Everest issued a letter stating that the debt had been satisfied in full. (Exhibit A)

21. On August 21, 2015 and again on August 24, 2015, Atlantic pulled plaintiff's credit report (Exhibit B).

22. Atlantic had no lawful reason to pull the report.

23. On August 24, 2015, at 12.07 p.m., Atlantic called plaintiff seeking to collect the same debt that was the subject of 12 C 3631. The caller stated that Atlantic was collecting on behalf of Diverse.

24. Plaintiff advised the caller that the debt had been released and was beyond the five-year statute of limitations.

25. The caller represented that the statute of limitations on a credit card in Illinois was 10 years, which is not true. *Portfolio Acquisitions, LLC v. Feltman*, 391 Ill.App.3d 642, 909 N.E.2d 876 (1st Dist. 2009)

26. Neither Atlantic nor Diverse sent plaintiff a "notice of debt" as described in 15 U.S.C. §1692g prior to or within 5 days after the August 24, 2015 communication.

27. On September 10, 2015 plaintiff sent Atlantic, by email and certified mail, the letter attached as Exhibit C, enclosing a copy of Exhibit A.

28. On September 10, 2015, Diverse sent plaintiff the letter attached as <u>Exhibit D</u>.

29. On September 18, 2015, Diverse sent plaintiff the letter attached as <u>Exhibit E</u>.

30. On information and belief, based on <u>Exhibits D and E</u>, all acts of Atlantic were conducted on behalf of Diverse.

31. Plaintiff was harassed and aggravated by the conduct complained of.

## **COUNT I – FDCPA**

32. Plaintiff incorporates paragraphs 1-31.

33. This claim is against Atlantic and Diverse.

34. Defendants violated 15 U.S.C. §1692e, 1692e(2), and 1692e(10) by demanding payment of a nonexistent debt and misrepresenting that the statute of limitations on a credit card in Illinois is ten years.

35. Defendants violated 15 U.S.C. §1692g by failing to send the "notice of debt" required by that section.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

    a. Statutory damages;

    b. Actual damages;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other and further relief as the Court deems proper.

## **COUNT II – FDCPA**

36. Plaintiff incorporates paragraphs 1-31.

37. This claim is against Atlantic and Diverse.

38. <u>Exhibits D and E</u> violate 15 U.S.C. §1692g(b) which provides as follows:

(b) Disputed Debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed

portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this sub-chapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

39. After plaintiff disputed the debt in writing and provided written proof that he did not owe it, Atlantic and Diverse were required to provide him with verification of the debt. Instead, they asked plaintiff for additional proof that he did not owe the debt, reversing the burden of proof mandated by § 1692g(b).

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant Atlantic and Diverse for:

    a. Statutory damages;

    b. Actual damages;

    c. Attorney's fees, litigation expenses and costs of suit;

    d. Such other and further relief as the Court deems proper.

## COUNT III – FCRA

40. Plaintiff incorporates paragraphs 1-31.

41. This claim is against Atlantic and Diverse.

42. Atlantic wilfully violated plaintiff's rights under the Fair Credit Reporting Act by accessing plaintiff's consumer report without a permissible purpose.

43. On information and belief, based on the fact that consumer reporting agencies are prohibited from furnishing consumer reports without a certification by the recipient that they are being obtained for permissible purposes (15 U.S.C. §1681b(f)), defendant Atlantic falsely certified that it had a permissible purpose for accessing plaintiff's report.

44. Both defendants are liable to plaintiff for violation of 15 U.S.C. §1681n.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against defendants Atlantic and Diverse for:

    a.    Appropriate actual, punitive and statutory damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    Such other or further relief as the Court deems proper.

## COUNT IV – BREACH OF CONTRACT

45.    Plaintiff incorporates paragraphs 1-31.

46.    This claim is against Everest.

47.    Everest violated its settlement agreement by transferring the debt to Diverse. Alternatively or in addition, it provided information about the debt to Diverse without disclosing that it was not owed.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against defendant Everest for:

    a.    Appropriate actual damages;

    b.    Costs of suit;

    c.    Such other or further relief as the Court deems proper.

                                   s/Daniel A. Edelman
                                   Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\31839\Pleading\Complaint_Pleading.wpd

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)